UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
YOLANDA TURNER, *individually on behalf of herself and all others similarly situated*,

                          Plaintiff,

      -against-

TRANS-INDIA PRODUCTS, INC.
d/b/a SHIKAI PRODUCTS,

                          Defendant.
------------------------------------------------------------------X

For Online Publication Only

**ORDER**
19-CV-3422 (JMA) (ARL)

FILED
CLERK
12:36 pm, Jul 30, 2020
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**AZRACK, United States District Judge:**

Before the Court is a motion by defendant Trans-India Products, Inc. ("Defendant") to transfer venue ("Motion to Transfer Venue"). For the following reasons, the Court DENIES Defendant's Motion to Transfer Venue.

### I. BACKGROUND

Plaintiff Yolanda Turner ("Plaintiff") commenced this action on behalf of herself and all others similarly situated, alleging deceptive and misleading business practices by Defendant with respect to its Shikai products line. (Compl., ECF No. 1 at ¶ 1.) Specifically, Plaintiff alleges that Defendant "manufactures, sells, and distributes [its products] using a marketing and advertising campaign centered around claims that . . . its [p]roducts are 'Natural'" but that the advertising is false, deceptive, and misleading because the products contain synthetic ingredients. (Id. at ¶ 2.) Plaintiff alleges that Defendant's business practices violate New York General Business Law Sections 349 and 350, the consumer protection statutes of forty-one states and the District of Columbia, the warranty statutes of forty-nine states and the District of Columbia, and the Magnuson-Moss Warranty Act. (Id. at ¶¶ 49–112.) Plaintiff also alleges unjust enrichment. (Id.

1

at ¶¶ 113–118.) Plaintiff resides in the Eastern District of New York and alleges that she purchased Defendant's products in online and retail marketplaces in the Eastern District of New York. (Id. at ¶¶ 30–31.) Defendant is a corporation that manufactures hair and skincare products, and its principal place of business is in Santa Rosa, California. (Id. at ¶¶ 1, 33.)

On October 25, 2019, Defendant filed the instant Motion to Transfer Venue to the Northern District of California pursuant to 28 U.S.C. § 1404(a). (ECF No. 17.) Defendant argues that transfer is warranted because its products are all formulated and manufactured in its facility in California, that all of its officers and employees, except one, reside and work in California, and that "[w]hile [its] distributors sell its products throughout the United States, the State of California accounts for more sales than any other state [and l]ess than 10% of [its] sales are made to the State of New York." (Id. at 1-2.)

## II. DISCUSSION

### A. Standard of Review

The Court may transfer any civil action to another district where it may have been brought or to a district to which all parties have consented. 28 U.S.C. § 1404(a). "Deciding a motion to transfer involves a two-part inquiry: (1) whether the action could have initially been brought in the transferee court; and (2) whether the interests of justice and convenience of the parties and witnesses will be served by the transfer." Stoltz v. Fage Dairy Processing Indus., S.A., No. 14-CV-3826, 2015 WL 5579872, at *5 (E.D.N.Y. Sept. 22, 2015) (internal quotation marks omitted) (citing JetBlue Airways Corp. v. Helferich Patent Licensing, LLC, 960 F. Supp. 2d 383, 398 (E.D.N.Y. 2013); Forjone v. California, 425 F. App'x 73, 74 (2d Cir. 2011)). In determining whether the interests of justice and convenience of the parties would be served by transfer, a district weighs the following factors: (1) the convenience of witnesses, (2) the convenience of the parties, (3) the location of relevant documents and the relative ease of access to sources of proof, (4) the

2

locus of operative facts, (5) the availability of process to compel the attendance of unwilling witnesses, (6) the relative means of the parties, (7) the forum state's familiarity with the governing law, (8) the weight accorded the plaintiff's choice of forum, and (9) trial efficiency and the interest of justice, based on the totality of the circumstances. In re Hanger Orthopedic Group, Inc. Securities Litigation, 418 F. Supp. 2d 164, 168 (E.D.N.Y. 2006). The moving party bears the burden of producing clear and convincing evidence that transfer is appropriate. New York Marine and General Ins. Co. v. Lafarge North America, Inc., 599 F.3d 102, 113–14 (2d Cir. 2010). Courts are deferential to a plaintiff's choice of forum if other factors do not weigh strongly in favor of transferring venue. ESPN, Inc. v. Quiksilver, Inc., 581 F. Supp. 2d 542, 547 (S.D.N.Y. 2008).

**B. Plaintiff Could Have Brought This Action in the Northern District of California**

Federal question jurisdiction exists, pursuant to 28 U.S.C. § 1331, because Plaintiff alleges that Defendant violated the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301, which is a federal statute. Venue in the Northern District of California would be proper because Defendant is based in Northern California. See 28 U.S.C. § 1391(b). Accordingly, Plaintiff could have brought this action in the Northern District of California.

**C. Discretionary Factors Do Not Warrant Transfer**

**1. Convenience of Witnesses**

"In deciding whether to disturb the plaintiff's choice of forum, the convenience of the witnesses is generally the most important factor in the transfer analysis." EasyWeb Innovations, LLC v. Facebook, Inc., 888 F. Supp. 2d 342, 350 (E.D.N.Y. 2012). "The Second Circuit has stated that a party seeking to rely on the convenience of witnesses factor must clearly specify the key witnesses to be called and must make a general statement of what their testimony will cover." Myers v. Lennar Corp., No. 08-CV-2799, 2010 WL 1992200, at *4 n.3 (E.D.N.Y. May 17, 2010)

(internal quotation marks omitted); see also Excellent Home Care Servs., LLC v. FGA, Inc., No. 13-CV-5390, 2014 WL 652357, at *3 (E.D.N.Y. Feb. 19, 2014) (stating that "the weight given to the convenience of witnesses depends upon whether the party seeking transfer has described the witnesses' testimony so the court can qualitatively evaluate its materiality" and finding that the factor was neutral where defendant identified six employees as potential witnesses but only provided additional information about one and simply stated that the other witnesses had knowledge relevant to the claims).  Here, Defendant states that all of its officers and employees, except one, are located in California, and that "[a]ll of the witnesses that have knowledge regarding [its] products and marketing practices are located in California. All of these witnesses would be greatly inconvenienced if they had to travel to New York."  (ECF No. 17 at 6.)  However, Defendant fails to identify which witnesses will be called or what their anticipated testimony will cover.  Therefore, this factor is neutral.

**2. Convenience of Parties**

Defendant argues that its place of business, witnesses, and documents are in California, and that it will incur significant business disruption and costs if the action remains in this District.  (Id. at 1, 5-6.)  Plaintiff resides in the Eastern District of New York and asserts that transferring this action to California would merely shift the inconvenience from Defendant to Plaintiff.  (ECF No. 19 at 6-7.)  The Court recognizes that "[w]here transfer would merely shift the inconvenience from one party to the other, the Court should leave plaintiff's choice of venue undisturbed."  See EasyWeb Innovations, LLC, 888 F. Supp. 2d at 352 (internal quotation marks omitted) (quoting Wagner v. N.Y. Marriott Marquis, 502 F. Supp. 2d 312, 316 (N.D.N.Y. 2007)).  Because transferring this case would only result in shifting the inconvenience from one party to the other, this factor weighs against transfer.

### 3. Location of Relevant Documents and Ease of Access to Sources of Proof

"In an era of electronic documents, easy copying and overnight shipping, this factor assumes much less importance than it did formerly." ESPN, 581 F. Supp. 2d at 548. "It is not sufficient for the moving party to assert merely that relevant documents are located in the proposed transferee forum, rather the moving party must establish that it would be unable to move or copy the documents easily." Stoltz, 2015 WL 5579872, at *8. Defendant states only that documents and other evidence are located in California. (ECF No. 19 at 6.) Because Defendant has failed to demonstrate that it would be burdensome to transport documents or other evidence to this District, this factor is neutral.

### 4. Locus of Operative Facts

Defendant argues that because its products are developed, manufactured, and packaged in California, the operative facts took place in California. (ECF No. 17 at 4.) Defendant also states that to the extent the sale of its products in various states is an operative fact, the bulk of its products are sold in California. (Id.) Plaintiff asserts that the operative facts took place in this District because she purchased the products in this District. (ECF No. 19 at 7.) Here, the site at which the products were created and the site at which they were purchased are both relevant. See Stoltz, 2015 WL 5579872, at *9 (finding that "while the loci of the operative facts involving Plaintiffs are spread across at least eight states and, allegedly, all fifty states, the main locus of operative facts as to Defendants is the Northern District of New York. Accordingly, this factor weighs in favor of Defendants.") Because the facts involving Plaintiff are alleged to have occurred across multiple states and the main locus of operative facts involving Defendant is in the Northern District of California, this factor weighs in favor of transfer.

### 5. Availability of Process to Compel Unwilling Witnesses

Where the movant fails to present evidence that its witnesses would be unwilling to testify, a court's ability to compel witnesses to attend is not a factor to consider. See Brozoski v. Pfizer, Inc., No. 00-CV-4215, 2001 WL 618981, at *4 (S.D.N.Y. June 6, 2001); see also Williams v. Swack, No. 12-CV-1552, 2013 WL 5423791, at *7 (E.D.N.Y. Sept. 26, 2013) (finding this factor irrelevant where Defendant only speculated that their witnesses might not appear). Here, Defendant states only that "[t]o the extent there are any non-party fact witnesses, such as retired Trans-India employees or contractors . . . testifying in New York [would] be inconvenient . . . [and] some will undoubtedly simply decline to do so." (ECF No. 17 at 6.) However, Defendant has neither identified any unwilling witnesses nor provided any support for its speculation that some witnesses would decline to testify. The Court finds that this factor is neutral.

### 6. Relative Means of Parties

Because Plaintiff is an individual and Defendant is a corporation, this factor weighs against transfer. See Chong v. Healthtronics, Inc., No. 06-CV-1287, 2007 WL 1836831, at *13 (E.D.N.Y. June 20, 2007) (finding that "[s]ince plaintiff is an individual and defendant is a corporation, the 'relative means of the parties' factor weighs in favor of plaintiff.")

### 7. The Forum State's Familiarity with Governing Law

A "forum's familiarity with the governing law . . . is one of the least important factors in determining a motion to transfer, especially where no complex questions of foreign law are involved." JFP Touring, LLC v. Polk Theatre, Inc., No. 07-CV-3341, 2007 WL 2040585, at * 15 (S.D.N.Y July 12, 2007). In her complaint, Plaintiff asserts causes of action under the federal Magnuson-Moss Warranty Act, consumer protection statutes of forty-one states and the District of Columbia, the warranty statutes of forty-nine states and the District of Columbia, and unjust

enrichment. This Court and courts in the Northern District of California are eminently capable of adjudicating the federal claim. This Court is better situated to adjudicate the New York statutory claims, though courts in the Northern District of California have handled claims under New York General Business Law §§ 349 and 350 before, and Defendants does not argue that this case presents any complex or novel issues under that statute. See Yovel-Bash v. Wellesley Asset Secured Portfolio, Inc., No. 12-CV-5280 JMA, 2013 WL 4781539, at *13 (E.D.N.Y. Sept. 5, 2013); see also ESPN, 581 F. Supp. 2d at 551 ("Where, as here, there are state law claims, the forum's familiarity with governing law supports retention of the action") (quoting NBA Properties, Inc. v. Salvino, Inc., 2000 WL 323257, at *9 (S.D.N.Y. March 27, 2000)). Plaintiff also alleges violations of the consumer protection and warranty statutes of multiple states, including New York and California, which both Courts are capable of adjudicating. Therefore, this factor weighs slightly against transfer.

### 8. Plaintiff's Choice of Forum

The parties disagree about the relative significance of Plaintiff's choice of forum. Defendant argues that Plaintiff's choice of forum is entitled to little deference because Plaintiff's claims bear little relation to New York and Plaintiff represents a putative class of plaintiffs throughout the country. (ECF No. 17 at 3.) Plaintiff asserts that her choice of forum is entitled to deference, even in a class action, particularly because she represents a subclass of New York plaintiffs, and because she resides in the Eastern District of New York and was exposed to Defendant's alleged misconduct in this District. (ECF No. 19 at 3–4.)

Normally, a plaintiff's choice of forum warrants substantial deference. See Cosa Xentaur Corp. v. Bow, No. 13-CV-2912, 2014 WL 1331030, at *13 (E.D.N.Y. Mar. 31, 2014) ("As a general rule, a plaintiff's choice of forum is presumptively entitled to substantial deference.")

7

(internal quotation marks omitted) (quoting Gross v. British Broad. Corp., 386 F.3d 224, 230 (2d Cir. 2004)). While a plaintiff's choice of forum is entitled to less deference in the context of a national class action, a representative plaintiff's choice is still entitled to some deference. See In re Warrick, 70 F.3d 736, 741 n.7 (2d Cir. 1995); Stoltz, 2015 WL 5579872, at *6. Here, Plaintiff resides in this District, purchased Defendant's products in this District, and represents a subclass of New York plaintiffs, which weighs against transfer. See Travis v. Navient Corp., 284 F. Supp. 3d 335, 350 (E.D.N.Y. 2018) (holding that plaintiff's choice of forum weighed in favor of maintaining class action in chosen district where plaintiff resided in the district, brought claims under New York law, and represented a New York subclass). Therefore, although less significant than it would be in an individual action, this factor weighs against transfer.

### 9. Trial Efficiency and Interest of Justice

Having considered Defendant's arguments and each of the relevant factors, the Court finds that the interest of justice does not favor transfer. Because the Court has not devoted significant time or resources to this case, this District and the Northern District of California are equally appropriate venues to resolve the case efficiently. See Yovel-Bash, 2013 WL 4781539, at *15 (E.D.N.Y. Sept. 5, 2013). Further, the Court sees no way in which transferring venue would better serve the interest of justice. Accordingly, this factor is neutral.

Weighing the factors, the Court finds that there is little basis to support transfer. As discussed above, only one factor—the locus of operative facts—weighs in favor of Defendant, while the remaining factors either favor Plaintiff or are neutral. Accordingly, Defendant has failed to meet its burden of showing by clear and convincing evidence that transfer is justified. Therefore, the Court DENIES Defendant's motion to transfer venue to the Northern District of California.

### III. CONCLUSION

For the reasons set forth above, Defendant's motion to transfer venue is DENIED.

**SO ORDERED.**

Dated: July 30, 2020
Central Islip, New York

                                              /s/ (JMA)
                                          JOAN M. AZRACK
                                          UNITED STATES DISTRICT JUDGE